IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 2:25-845 |
| | 18 U.S.C. § 2 |
| | 18 U.S.C. § 1591(a)(1) |
| | 18 U.S.C. § 1591(a)(2) |
| | 18 U.S.C. § 1591(b)(1) |
| | 18 U.S.C. § 1591(b)(2) |
| | 18 U.S.C. § 1591(e)(2) |
| | 18 U.S.C. § 1594(c) |
| | 18 U.S.C. §1594(d)(1) |
| | 18 U.S.C. §1594(d)(2) |
| vs. | 18 U.S.C. §1592 |
| | 18 U.S.C. § 1001 |
| | 18 U.S.C. §1956(h) |
| | 18 U.S.C. §1956(a)(1)(A) |
| | 18 U.S.C. §981(a)(1)(C) |
| | 18 U.S.C. § 982(a)(1) |
| | 28 U.S.C. § 2461(c) |
| **JOHNATHAN AHMAD DAIS** | |
| **ALEXIS MCINNIS** | |
| **CALVIN WOLFE** | |
| **ROSE STONER,** | **SEALED INDICTMENT** |
| **a/k/a "Rose Wolfe"** | |

COUNT 1
(Sex Trafficking Conspiracy)

THE GRAND JURY CHARGES:

That beginning at a date unknown to the Grand Jury, but from at least in or about 2021, continuing through in or around April 2025, in the District of South Carolina and elsewhere, the Defendants, **JOHNATHAN AHMAD DAIS, CALVIN WOLFE,** and **ROSE STONER, a/k/a "Rose Wolfe,"** in and affecting interstate and foreign commerce, knowingly did combine, conspire, confederate, agree and have a tacit understanding with each other and with others both known and unknown to the Grand Jury, to recruit, entice, harbor, transport, provide, obtain, advertise, solicit, patronize, and maintain by any means, a person, and to benefit financially by

receiving anything of value from participation in a venture which has recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, solicited, and maintained a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means would be used to cause a person to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a)(1) and (a)(2);

All in violation of Title 18, United States Code, Section 1594(c).

<u>Manner and Means</u>

1.     It was part of the conspiracy that one or more of the conspirators recruited victims to work in commercial sex for the benefit of one or more of the conspirators.

2.     It was further part of the conspiracy that one or more of the conspirators would obtain pictures of victims and place online advertisements consistent with the commercial sex trade.

3.     It was further part of the conspiracy that one or more of the conspirators would communicate with customers to facilitate and arrange commercial sex acts.

4.     It was further part of the conspiracy that one or more of the conspirators would obtain proceeds from the commercial sex acts from the victims and customers.

5.     It was further part of the conspiracy that one or more of the conspirators would provide transportation for the victims to locations where the commercial sex acts would take place.

6.     It was further part of the conspiracy that one or more of the conspirators would exercise supervision, violence, and control over the victims who engaged in the commercial sex acts.

7.     It was further part of the conspiracy that frequently one or more of the conspirators would deprive the victims of her portion of the proceeds from the commercial sex act.

8.     It was further part of the conspiracy that one or more of the conspirators would use vehicles, public highways, hotels, telephones, the internet, and internet-based mobile applications to facilitate the commercial sex acts;

All in violation of Title 18, United States Code, Sections 1594(c) and 2.


<u>COUNT 2</u>
(Sex Trafficking by Force, Fraud, or Coercion)

THE GRAND JURY FURTHER CHARGES:

That beginning in or around 2019 and continuing until in or around April 2025, in the District of South Carolina, the Defendants, **JOHNATHAN AHMAD DAIS, CALVIN WOLFE, and ROSE STONER, a/k/a "Rose Wolfe,"** aiding and abetting each other, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, solicited, patronized, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, advertised, solicited, patronized, and maintained by any means Victim 4, an individual known to the grand jury, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 4 to engage in a commercial sex act;

In violation of Title 18, United States Code, Sections 1591(a)(l), 1591(a)(2), 1591(b)(1), and 2.

3

<u>COUNT 3</u>
(Sex Trafficking by Force, Fraud, or Coercion)

THE GRAND JURY FURTHER CHARGES:

That beginning in or around September 2024 and continuing until in or around October 2024, in the District of South Carolina, the Defendant, **JOHNATHAN AHMAD DAIS**, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, solicited, patronized, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, advertised, solicited, patronized, and maintained Victim 1, an individual known to the grand jury, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 1 to engage in commercial sex acts;

In violation of Title 18, United States Code, Sections 1591(a)(l), 1591(a)(2), and 1591(b)(1).

<u>COUNT 4</u>
(Sex Trafficking by Force, Fraud, or Coercion)

THE GRAND JURY FURTHER CHARGES:

That beginning at least in or about February 2021, in the District of South Carolina, the Defendant, **JOHNATHAN AHMAD DAIS**, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, solicited, patronized, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided,

4

obtained, advertised, solicited, patronized, and maintained Victim 2, an individual known to the grand jury, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 2 to engage in commercial sex acts;

In violation of Title 18, United States Code, Sections 1591(a)(l), 1591(a)(2), and 1591(b)(1).

## COUNT 5
### (Sex Trafficking by Force, Fraud, or Coercion)

THE GRAND JURY FURTHER CHARGES:

That in or about April 2025, in the District of South Carolina, the Defendant, **JOHNATHAN AHMAD DAIS,** in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, solicited, patronized, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, advertised, solicited, patronized, and maintained Victim 3, an individual known to the grand jury, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 3 to engage in commercial sex acts;

In violation of Title 18, United States Code, Sections 1591(a)(l), 1591(a)(2), and 1591(b)(1).

COUNT 6
(Attempted Sex Trafficking of Children)

THE GRAND JURY FURTHER CHARGES:

That during in and around 2016, in the District of South Carolina, the Defendant, **JOHNATHAN AHMAD DAIS**, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, provided, obtained, advertised, solicited, patronized, and maintained a minor, Victim 5, an individual known to the grand jury, after having a reasonable opportunity to observe her and knowing and in reckless disregard for the fact that she had not attained the age of 18 years and would be caused to engage in a commercial sex act and attempted to do the same; and advertised Victim 5 in or affecting interstate commerce knowing that she had not attained the age of 18 years and would be caused to engage in commercial sex acts and attempted to do so;

In violation of Title 18, United States Code, Sections 1591(a)(l), 1591(a)(2), 1591(b)(2), 1591(c), and 1594(a).

COUNT 7
(Sex Trafficking by Force, Fraud, or Coercion)

THE GRAND JURY FURTHER CHARGES:

That beginning in or around 2016 and continuing until in or around February 2025, in the District of South Carolina, the Defendant, **JOHNATHAN AHMAD DAIS,** in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, solicited, patronized, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, advertised, solicited, patronized, and maintained Victim 5, an individual known to the grand jury, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code,

6

Section 1591(e)(2), and any combination of such means, would be used to cause Victim 5 to engage in a commercial sex act;

In violation of Title 18, United States Code, Sections 1591(a)(l), 1591(a)(2) and 1591(b)(1).

## COUNT 8
### (Sex Trafficking by Force, Fraud, or Coercion)

THE GRAND JURY FURTHER CHARGES:

That beginning in or around 2018 and continuing until in or around 2022, in the District of South Carolina, the Defendant, **JOHNATHAN AHMAD DAIS**, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, solicited, patronized, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, advertised, solicited, patronized, and maintained Victim 6, an individual known to the grand jury, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 6 to engage in a commercial sex act;

In violation of Title 18, United States Code, Sections 1591(a)(l), 1591(a)(2), and 1591(b)(1).

7

<u>COUNT 9</u>
(Use of Facility of Interstate Commerce to Promote Unlawful Activity and Aiding/Abetting)

THE GRAND JURY FURTHER CHARGES:

Beginning at a time unknown to the grand jury but beginning at least in or around 2016 and continuing until in or around April 2025, in the District of South Carolina and elsewhere, the Defendants, **JOHNATHAN AHMAD DAIS** and **ALEXIS MCINNIS,** as principals, aiders and abettors, and co-participants in a jointly undertaken criminal activity, attempted to, and did, knowingly travel in interstate commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of South Carolina, to wit: South Carolina Code § 16-15-90, and thereafter, did perform, and attempt to perform, an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, and did aid and abet each other in the commission of the aforementioned offense;

In violation of Title 18, United States Code, Sections 1952(a)(3)(A) and 2.

## COUNT 10
### (False Statements)

THE GRAND JURY FURTHER CHARGES:

That on or about April 9, 2025, in the District of South Carolina and elsewhere, the Defendant, **JOHNATHAN AHMAD DAIS**, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Executive Branch of the Government of the United States, to wit: when speaking with law enforcement during an interview, he falsely attributed ownership of two cellular phones in his vehicle to Victim 3, when, in fact, Victim 3's cellular phone was located in his office;

All in violation of Title 18, United States Code, Section 1001.

## COUNT 11
### (False Statements)

THE GRAND JURY FURTHER CHARGES:

That on or about April 9, 2025, in the District of South Carolina and elsewhere, the Defendant, **JOHNATHAN AHMAD DAIS**, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Executive Branch of the Government of the United States, to wit: when speaking with law enforcement during an interview, he denied knowledge of several SkiptheGames.com advertisements, despite the fact he was involved in their creation and was involved in communicating with the customers derived from those advertisements;

All in violation of Title 18, United States Code, Section 1001.

COUNT 12
(False Statements)

THE GRAND JURY FURTHER CHARGES:

That on or about April 9, 2025, in the District of South Carolina and elsewhere, the Defendant, **JOHNATHAN AHMAD DAIS**, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Executive Branch of the Government of the United States, to wit: when speaking with law enforcement during an interview, he asserted his CashApp account was associated with his full name "Johnathan Dais," when, in fact, he uses an account under a different name;

All in violation of Title 18, United States Code, Section 1001.

COUNT 13
(False Statements)

THE GRAND JURY FURTHER CHARGES:

That on or about April 10, 2025, in the District of South Carolina and elsewhere, the Defendant, **ALEXIS MCINNIS**, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Executive Branch of the Government of the United States, to wit: during an interview with law enforcement, she asserted her SouthState bank account held no more than $10,000.00, when in fact she knew the bank account had more funds;

All in violation of Title 18, United States Code, Section 1001.

<u>COUNT 14</u>
(Conspiracy to Commit Money Laundering)

THE GRAND JURY FURTHER CHARGES:

Beginning on a date unknown to the Grand Jury but beginning at least in or around 2024 and continuing until in or around April 2025, in the District of South Carolina and elsewhere, the Defendants, **JOHNTHAN AHMAD DAIS** and **ALEXIS MCINNIS**, as principals, aiders and abettors, and coparticipants in jointly undertaken criminal activity, knowingly and willfully combined, conspired, and agreed with each other and with others, both known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, Use of Facility of Interstate Commerce to Promote an Unlawful Activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and further knowing that the transactions were designed and conducted, in whole or in part, with the intent to promote the unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

All in violation of Title 18, United States Code, Sections 1956(h) and 2.

## COUNT 15
### (Money Laundering)

THE GRAND JURY FURTHER CHARGES:

That on or about February 23, 2025, in the District of South Carolina and elsewhere, the Defendant **JOHNTHAN AHMAD DAIS**, did knowingly and willfully conduct financial transaction affecting interstate commerce involving the proceeds of a specified unlawful activity, to wit: Use of Facility of Interstate Commerce to Promote an Unlawful Activity, with the intent to promote the carrying on of a specified unlawful activity, and while conducting said financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, to wit: a $300 transaction via CashApp from "HalyRachels" to "Alexis McInnis";

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## FORFEITURE

HUMAN TRAFFICKING:

Upon conviction for violation of Title 18, United States Code, Section 1591, as charged in this Indictment, the Defendants, **JOHNATHAN AHMAD DAIS, CALVIN WOLFE, and ROSE STONER, a/k/a "Rose Wolfe,"** shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained, directly or indirectly, as a result of such offenses, and any property used or intended to be used, in any manner or part, to commit or facilitate the commission of the offenses.

USE OF INTERSTATE TO PROMOTE UNLAWFUL ACTIVITY:

Upon conviction for violation of Title 18, United States Code, Section 1952, as charged in this Indictment, the Defendants, **JOHNATHAN AHMAD DAIS and ALEXIS MCINNIS,** shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained, directly or indirectly, as a result of such offenses.

MONEY LAUNDERING:

Upon conviction for violation of Title 18, United States Code, Section 1956 as charged in this Indictment, the Defendants, **JOHNTHAN AHMAD DAIS and ALEXIS MCINNIS,** shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained directly or indirectly as a result of such offense, and any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Indictment, or any property traceable to the offense.

PROPERTY:

The property subject to forfeiture pursuant to Title 18, United States Code, Sections 924, 981(a)(1)(C), 982(a)(1), 1594(d)(1) and (2), and Title 28, United States Code, Section 2461(c), includes, but is not limited to, the following:

13

A.    Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in the Indictment, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to their violations of Title 18.

B.    Money Laundering/Forfeiture Judgment:

A sum of money equal to all property involved in the money laundering offense charged in the Indictment, and all interest and proceeds traceable thereto, for which the Defendants are liable as the result of their violation of 18 U.S.C. § 1956.

C.    Firearm:

Glock 27 handgun with ammunition
Serial Number: CBWA316
Seized from: 2013 Nissan Murano driven by Johnathan Ahmad Dais
Registered to: Alexis Rose Mcinnis

D.    Electronics:

(1)    BLU Smartphone
Model: B160V
IMSI: 311480145182416
Seized from: 2013 Ford Explorer driven by Johnathan Ahmad Dais

(2)    iPhone
Serial Number: Unknown
2013 Ford Explorer driven by Johnathan Ahmad Dais

(3)    Motorola Model: moto g stylus
IMSI: 311480135292093, 311480058906075
2013 Ford Explorer driven by Johnathan Ahmad Dais

(4)    Tablet
Serial Number: Unknown
2013 Ford Explorer driven by Johnathan Ahmad Dais

(5)    Blue Smartphone
Model: SL219A
IMSI: 310280162858034
Seized from: 118 West Ashley Inn occupied by Johnathan Ahmad Dais

(6)     Blue Motorola
        IMEI: Unknown
        Seized from:  Bedroom of Johnathan Ahmad Dais at 111 Bay Eddy
        Court

(7)     Apple iPhone 14
        Model: D73AP
        IMEI: 353429711894752, 353429711713408
        Seized from: 111 Bay Eddy Court
        Owner: Alexis Rose Mcinnis

(8)     Lenovo Tablet
        Serial Number: YX088C0B
        Seized from: 111 Bay Eddy Court

## SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of a Defendant:

a.     cannot be located upon the exercise of due diligence;
b.     has been transferred or sold to, or deposited with, a third party;
c.     has been placed beyond the jurisdiction of the court;
d.     has been substantially diminished in value; or
e.     has been commingled with other property which cannot be
       divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by 18 U.S.C. § 982(b)(1) to seek forfeiture of any other property of the Defendants

up to an amount equivalent to the value of the above-described forfeitable property.

All pursuant to Title 18, United States Code, Sections 924, 981(a)(1)(C), 982(a)(1),

1594(d)(1) and (2), and Title 28, United States Code, Section 2461(c).

A _TRUE_ BILL

███████████████████████

FOREPERSON

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: _Katherine Orville_

Katherine Orville (#13332)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, South Carolina 29401
Katherine.Orville@usdoj.gov